1  JEFFER MANGELS BUTLER & MITCHELL LLP
   ROD S. BERMAN (Bar No. 105444)
2  rberman@jmbm.com
   STANLEY M. GIBSON (Bar No. 162329)
3  sgibson@jmbm.com
   JESSICA BROMALL SPARKMAN (Bar No. 235017)
4  jsparkman@jmbm.com
   LENA STREISAND (Bar No. 339021)
5  lstreisand@jmbm.com
   1900 Avenue of the Stars, Seventh Floor
6  Los Angeles, California  90067-4308
   Telephone:  (310) 203-8080
7  Facsimile:   (310) 203-0567
8
   Attorneys for Plaintiff TEAM ONE EMPLOYMENT
9  SPECIALISTS, LLC
10
11
                UNITED STATES DISTRICT COURT
12
                CENTRAL DISTRICT OF CALIFORNIA
13
14

| | |
|---|---|
| TEAM-ONE EMPLOYMENT SPECIALISTS, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>TEAMONE STAFFING SOLUTIONS, LLC, a New Jersey limited liability company; CHRISTIAN VALDEZ, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));**<br><br>**(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));**<br><br>**(4) CYBERPIRACY (15 U.S.C. § 1125(d));**<br><br>**(5) COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(6) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**<br><br>**DEMAND FOR TRIAL BY JURY** |

COMPLAINT

For its Complaint, plaintiff Team-One Employment Specialists, LLC ("Plaintiff" or "Team One") alleges as follows:

## THE PARTIES

1. Plaintiff Team-One is a California limited liability company with offices at 16030 Ventura Boulevard, Suite 430, Encino, California 91436.

2. Defendant TeamOne Staffing Solutions LLC ("TSS") is a New Jersey limited liability company, with offices at 333 State Street, 1st Floor, Perth Amboy, New Jersey 08861.

3. Defendant Christian Valdez is an individual and the Chief Executive Officer of TSS ("Valdez"). Upon information and belief, Valdez is a citizen of and resident of New Jersey.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. TSS, Valdez, and Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

5. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant, including the fictitiously named Defendants, directed, aided and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and,

based thereon, alleges that, at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, false advertising, unfair competition claims, and dilution claims which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims because they arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 over all claims asserted herein, because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over the Defendants. Defendant TSS is registered with the California Secretary of State to do business in the State of California. Defendant TSS advertises a location in Ontario, California. Valdez is the agent for service of process for TSS on file with the California Secretary of State. Additionally, Plaintiff is informed, and believes, and based thereon, alleges that the conduct giving rise to this suit occurred, at least in part, California, including, the sale, offer for sale, or advertising of products and/or services in connection with infringing trademarks in this judicial district. Further, Defendants either knew or should have known that their infringing conduct would have consequences in California and, that the harm to Plaintiff arising from Defendants' conduct would occur (and, in fact did occur) in California.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Plaintiff is informed and believes and, based thereon, alleges, that Defendants conduct business in this District and that a substantial part of the events and/or omissions giving rise to the claims against Defendants occurred in this District. Plaintiffs have offices in this District and have been injured in this District as a result of Defendants' infringing conduct.

## GENERAL ALLEGATIONS

### Plaintiff and the TEAM ONE Mark

9. For nearly three decades, Plaintiff has provided employment agency services in connection with the federally registered and incontestable trademark TEAM ONE (the "TEAM ONE Mark").

10. The TEAM ONE Mark has been used in connection with employment agency services, employment counseling and recruiting services, personnel placement and recruiting services, staffing services, and consulting services in the field of personnel management since at least as early as January 1994. The TEAM ONE Mark is the subject of incontestable federal trademark registration number 2741246 (the "TEAM ONE Reg."). Plaintiff uses the domain names teamone.com and teamone.la in the course of providing its services.

11. Plaintiff has, for at least 15 years, been recognized as one of the Top 500 Largest Hispanic Owned Businesses in the U.S., and for at least 7 years, been recognized as one of the Tope 100 Largest Hispanic Owned Business in the U.S. Plaintiff's CEO has been recognized by the City and County of Los Angeles, by the Governor of California, and even by President Bill Clinton for community contributions by Plaintiff and by himself.

12. Plaintiff provides its services throughout Los Angeles, San Bernardino, and Riverside counties.

13. The TEAM ONE Mark is a strong mark and it is inherently distinctive. Even if it were not inherently distinctive (and it is), through its continuous use and promotion it has acquired distinctiveness. The TEAM ONE Mark is uniquely associated with Plaintiff.

### Defendants' Infringing Conduct

14. On information and belief, Defendants have adopted and are using the names and marks TEAM ONE and TEAM ONE STAFFING ("Defendants' Marks") and the domain name teamonestaffing.biz (the "Domain Name," and, together with the Defendants' Marks, collectively the "Infringing Marks" and individually an "Infringing Mark").

15. Defendants are using the Infringing Marks in connection with the provision of services identical to those in connection with which Plaintiff uses the TEAM ONE Mark, including employment agency services, employment counseling and recruiting services, staffing services, and personnel placement and recruiting services.

16. Defendant are using the Infringing Marks in connection with these services, *inter alia*, New Jersey, New York, Nevada, Texas, and California, including in San Bernardino County, California. Among other things, Defendants advertise a location in Ontario, California.

17. Defendants' unauthorized and infringing use of the Infringing Marks commenced long after Plaintiff's first use and registration of the TEAM ONE Mark.

18. Defendants' use of the Infringing Marks, as described above, is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association.

19. Defendant Valdez is the founder, owner, and Chief Executive Officer of Defendant TSS. On information and belief, Defendant Valdez authorized, directed, and/or participated in the infringing conduct described herein and, as such, he is

COMPLAINT
- 5 -

personally liable for such conduct, and personally liable for each of the claims for relief asserted below.

20. Defendants' infringing conduct deprives Plaintiff of the ability to safeguard its reputation for excellence and deceives the users of Defendants' infringing services into believing that they are receiving authentic TEAM ON service, which is not the case.

21. To date, based on information and believe, Defendants continue to use the Infringing Marks without Plaintiff's authorization or consent.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement

(15 U.S.C. § 1114)

22. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

23. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce the Infringing Marks in connection with the sale, offering for sale, distribution, and advertising, of services.

24. Defendants' above-described conduct and use of the Infringing Marks are likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

25. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the TEAM ONE Mark.

26. The Infringing Marks, and each of them, are identical to or substantially indistinguishable from Plaintiff's federally registered TEAM ONE Mark and therefore constitute counterfeit marks.

27. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

28. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants, to directly infringe the TEAM ONE Mark; and/or they have continued to provide others with infringing services, with knowledge of the direct infringers' use or sale of the infringing services.

29. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

30. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the TEAM ONE Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

32. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the Infringing Marks or any other mark confusingly similar to the TEAM ONE Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

33. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing

conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

34. Pursuant to 15 U.S.C. § 1117(a), and because Defendants' conduct described herein was intentional and in blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial.

35. On information and belief, Defendants intentionally used the Infringing Marks, in the manner described in this Complaint, knowing such marks to be counterfeit. Accordingly, pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to, and hereby seeks, an order awarding it judgment in the amount of three times Defendant's damages or profits, whichever is greater, as well as Plaintiff's attorney's fees.

36. This case involves the use of a counterfeit TEAM ONE mark. Accordingly, pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff seeks an award of statutory damages in the amount of $200,000 for each counterfeit mark used by Defendants.

37. On information and belief, Defendants' use of the counterfeit TEAM ONE mark was willful. Accordingly, pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff seeks an award of statutory damages in the amount of $2,000,000 for each counterfeit mark used by Defendants.

38. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials bearing any Infringing Mark or any other marks confusingly similar to the TEAM ONE Mark.

39. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

40. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

41. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, in connection with the sale, offering for sale, distribution, and advertising, of services and commercial activities.

42. Defendants' above-described conduct and use of the Infringing Marks are likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff, which is not the case.

43. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, use, or provide any goods or services or other commercial activities bearing any Infringing Mark, or any other mark confusingly similar to the TEAM ONE Mark.

44. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

45. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the TEAM ONE Mark; and/or they have continued to provide others with infringing services, with knowledge of the direct infringers' use or sale of the infringing services.

46. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one

another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

47. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the TEAM ONE Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

49. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of any Infringing Mark or any other mark confusingly similar to the TEAM ONE Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

50. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

51. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

52. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels or advertisements, bearing any Infringing Mark or any other mark confusingly similar to the TEAM ONE Mark.

53. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**

False Advertising

(15 U.S.C. § 1125(a)(1)(B))

54. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

55. Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact ("false statements"), in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of their services, including, by falsely suggesting that services are TEAM ONE® services, which they are not.

56. Defendants' false and materially misleading statements and omissions have actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to have been injured as a proximate result of Defendants' false statements, including by damaging Plaintiff's reputation and by a lessening of the goodwill associated with Plaintiff's TEAM ONE Mark.

57. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

58. Defendants are also secondarily liable for contributory false advertising in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly engage in false advertising; and/or they have

continued to provide others with infringing services, with knowledge of the direct infringers' display or use of the infringing services constitutes false advertising.

59. Defendants are also secondarily liable for vicarious false advertising in that Defendants have an apparent or actual partnership among and between themselves, and/or with other actors, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the false advertising.

60. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

62. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of any Infringing Mark, or any other mark confusingly similar to the TEAM ONE Mark. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

63. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

64. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

65. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and advertisements, bearing or including any of the false advertising as alleged herein.

66. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### Cyberpiracy

(15 U.S.C. 1125(d))

67. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

68. Defendants, with a bad faith intent to profit from the TEAM ONE Mark, registered and is using the Domain Name, <teamonestaffing.biz>, which is confusingly similar to the TEAM ONE Mark.

69. The TEAM ONE Mark is distinctive, and was distinctive at the time Defendants' registered and began using the Domain Name.

70. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. §§1117(a) and 1117(d), Plaintiff is entitled to an order awarding all damages sustained by Plaintiff caused by Defendants' conduct, or statutory damages in the amount of up to $100,000.

71. Defendants' conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

72. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

# FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

73. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

74. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

75. Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, including reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods or services or other commercial activities, or as to the sponsorship or approval of Defendants' services or other commercial activities by Plaintiff, which is not the case.

76. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the TEAM ONE Mark; and/or they have continued to provide others with infringing services, with knowledge of the direct infringers' use or sale of the infringing services.

77. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

79. Plaintiff lacks an adequate remedy at law and seek an injunction prohibiting any continuing or future infringing conduct by Defendants, including

further use of any Infringing Mark or any other mark confusingly similar to the TEAM ONE Mark. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

80. Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

81. Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights. Defendants are guilty of intentional, oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and hereby seeks, punitive damages from Defendants.

### SIXTH CLAIM FOR RELIEF
Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

82. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

83. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq.*, by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition law.

84. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

85. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and

members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policies.

86. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the TEAM ONE Mark;

2. using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including, without limitation, the Infringing Marks, or any of them, or any other mark confusingly similar to the TEAM ONE Mark, including, without limitation the Infringing Marks and the Domain Name, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods or services or commercial activities that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods or services or commercial activities, or as to the sponsorship or approval of Defendants' goods or services or commercial activities by Plaintiff; or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods or services or commercial activities.

    3. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or the TEAM ONE Mark; and

    4. using the Infringing Marks, or any of them, or any other mark confusingly similar to the TEAM ONE Mark in connection with the sale, offering for sale, distribution, and advertising of any goods or services or other commercial activities.

  B. Ordering Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

  C. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

  D. For an order that the Infringing Marks, and each of them, constitute counterfeit marks.

  E. For an order that Defendants intentionally used the Infringing Marks, knowing them to be counterfeit, in connection with the sale, offering for sale, or distribution of goods or services.

  F. For an order that Defendants use of the counterfeiting Infringing Marks was willful.

  G. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's rights in the TEAM ONE Mark, and that Defendants' conduct violates 15 U.S.C. § 1125(a).

  H. For an order that, by the acts complained of herein, Defendants have engaged in cyber piracy in violation of 15 U.S.C. § 1125(d).

  I. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's common law trademark rights and/or engaged in acts of common law unfair competition against Plaintiff.

J.  For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

K.  For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Plaintiff's rights.

L.  For an order awarding Plaintiff general and/or specific damages, in an amount to be fixed by the Court in accordance with proof.

M.  For an order awarding all of Defendants' profits traceable to Defendants' conduct.

N.  For an order trebling any damage or profits established pursuant to 15 U.S.C. § 1117(a).

O.  For an order, pursuant to 15 U.S.C. § 1117(b), awarding three times Defendants' profits or damages, whichever is greater, as well as Plaintiff's reasonable attorney's fees.

P.  For an order, pursuant to 15 U.S.C. § 1117(c)(1), awarding statutory damages for the use of the Infringing Counterfeit marks in the amount of $200,000 per counterfeit mark used by Defendants.

Q.  For an order, pursuant to 15 U.S.C. § 1117(c)(2), awarding statutory damages for the use of the Infringing Counterfeit marks in the amount of $2,000,000 per counterfeit mark used by Defendants.

R.  For an order awarding statutory damages of at least $100,000 pursuant to 15 U.S.C. 1117(d), for Defendants' violation of 15 U.S.C. § 1125(d).

S.  For an order directing Defendants to transfer the Domain Name to Plaintiff.

T.  For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

U.  For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets

bearing the Infringing Marks, or any of them, or any other marks confusingly similar thereto or dilutive thereof, or any false advertising concerning Plaintiff's or Defendants' services.

     V.    For an order finding that this is an exceptional case, and awarding Plaintiff their costs and attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117(a).

     W.    And, for an order awarding such other or further relief as the Court deems just and proper.

DATED:  December 7, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
LENA STREISAND

By: /s/ Jessica Bromall Sparkman
      JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff TEAM ONE EMPLOYMENT SPECIALISTS, LLC.

# DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: December 7, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
LENA STREISAND

By: /s/ Jessica Bromall Sparkman
         JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff TEAM ONE
EMPLOYMENT SPECIALISTS, LLC.